| AMENDED | UNITED STATES DISTRICT COURT<br>FOR THE<br>SOUTHERN DISTRICT OF CALIFORNIA | AMENDED |

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Luis David Garcia (English)　　　　　　**Dkt. No.:** 21CR03557-001-BAS

**Reg. No.:** 03611-506

**Name of Sentencing Judicial Officer:** The Honorable Cynthia Ann Bashant, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Fentanyl, a Class C felony.

**Date of Sentence:** May 16, 2022

**Sentence:** Twenty-four (24) months' custody; followed by three (3) years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** None.

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** August 14, 2023

**Asst. U.S. Atty.:** Jason Alexander Gorn　　　　**Defense Counsel:**　　Casey J Donovan, Jr
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Appointed)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(619) 696-8989

**Prior Violation History:** Yes. See prior court correspondence.

---

### PETITIONING THE COURT
### TO AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, MARCH 1, 2024, TO INCLUDE THE FOLLOWING ALLEGATIONS

The U.S. Probation Officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 2. On February 17, 2024, Mr. Luis David Garcia drove a vehicle the wrong way on a divided highway, in violation of California Vehicle Code § 21651(b), as evidenced by the State of California Department of California Highway Patrol Arrest-Investigation Report Citation Number JU54648.<br><br>3. On February 29, 2024, Mr. Luis David Garcia drove a vehicle under the influence of a drug, in violation of California Vehicle Code § 23152(f), as evidenced by the State of California Department of California Highway Patrol Driving Under the Influence Arrest-Investigation Report Citation Number LW68624.<br><br>4. On February 29, 2024, Mr. Luis David Garcia drove on a suspended license, in violation of California Vehicle Code § 14601.1(a), as evidenced by the State of California Department of California Highway Patrol Driving Under the Influence Arrest-Investigation Report Citation Number LW68624. |

***Grounds for Revocation:*** As to Allegation 2, I have received and reviewed the State of California Department of California Highway Patrol (CHP) Arrest-Investigation Report Citation Number JU54648 and learned the following: on February 17, 2024, a report was received by dispatch El Centro Communications Center regarding a wrong-way vehicle on eastbound Interstate 8. Upon CHP's arrival at the scene, a United States Border Patrol agent was already present with the wrong-way vehicle, a Nissan, which was partially blocking the lane and the center median. The driver, identified as Mr. Garcia, claimed to be working for DoorDash and mentioned fatigue as the reason for the wrong-way driving. Despite a negative breath test result for alcohol, Mr. Garcia was arrested for driving the wrong way on the freeway. Witnesses corroborated the events, with one witnessing the vehicle facing the wrong way with no occupants visible, while another observed the vehicle driving against traffic. Mr. Garcia was later released to his mother after being cited. The charges have been forwarded by the CHP to the Imperial County District Attorney's Office for review and prosecution. Mr. Garcia has a hearing set for April 25, 2024, in Imperial Superior Court.

As to Allegations 3 and 4, I have received and reviewed the State of California Department of California Highway Patrol (CHP) Driving Under the Influence Arrest-Investigation Report Citation Number LW68624 and learned the following: on February 29, 2024, CHP officers responded to a report from CHP dispatch regarding a potential DUI driver who had come to a complete stop facing the wrong way on Dehesa Road, east of Willow Glen Drive in Rancho San Diego, California. Upon arrival, a CHP officer contacted Sycuan Tribal Police Officers who had already contacted the driver of a grey sedan, identified as Mr. Garcia through CHP dispatch. A witness observed Mr. Garcia driving westbound in the eastbound lanes and coming to a stop on the north shoulder facing the wrong way. Mr. Garcia exited the vehicle and waited for law enforcement. Upon contact, CHP officers observed red/watery eyes, droopy eyelids, and slurred speech in Mr. Garcia, and conducted a preliminary check of his eyes, indicating impairment. Additionally, Mr. Garcia performed unsatisfactorily on a series of field sobriety tests

(FSTs). A Preliminary Alcohol Screening Test (PAS) was performed with a result of .000%. Based on witness statements, Mr. Garcia's admission to driving, observations of objective signs and symptoms of drug use, and his performance on FSTs, CHP formed the opinion that Mr. Garcia had been driving his vehicle while under the influence of drugs and was unable to safely operate a motor vehicle. Furthermore, a blood sample was collected, the results of which are pending, with charges forwarded to the San Diego East County District Attorney's office for review and prosecution.

<u>**AMENDED**</u>                       **VIOLATION SENTENCING SUMMARY**                       <u>**AMENDED**</u>

## SUPERVISION ADJUSTMENT

Mr. Garcia commenced his term of supervised release on August 14, 2023. Initially, he demonstrated commendable adjustment, as evidenced by his consistent availability for contact with the U.S. Probation Office, compliance with reporting requirements, stable employment, maintenance of a stable residence in the Republic of Mexico, and submission of random urinalysis samples, all of which have consistently tested negative for the presence of illicit substances.

Due to his sustained compliance, Mr. Garcia's case was considered for transfer to the administrative caseload. However, subsequent to this adjustment, his case remained with the undersigned officer due to newly alleged criminal conduct as detailed in the original Petition, as well as herein.

On February 20, 2024, following Mr. Garcia's citation for wrong way driving, the undersigned officer met with him at the U.S. Probation Office to discuss the circumstances of the arrest and informed him that Court notification would follow.

On February 27, 2024, the undersigned officer received notification from Mr. Garcia that he had been arrested for driving under the influence (DUI) on February 24, 2024. Subsequently, a meeting was arranged at the U.S. Probation Office on February 29, 2024, at which time the probation officer placed a sweat patch on the offender to monitor his sobriety. Unfortunately, Mr. Garcia was arrested later the same day, for another DUI, as alleged herein. Therefore, the undersigned was unable to obtain the sweat patch for testing.

Considering the alleged violation conduct, his adjustment to his current supervised release term is deemed remarkably poor.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Garcia, a twenty-two-year-old male, currently resides in the Republic of Mexico, with his wife, who is a Mexican national. He is reportedly employed through Go-Staff, Inc., with verification pending. Mr. Garcia has not completed his GED; however, he possesses employable skills. He maintains familial ties, including his mother and sister, who reside within the Southern District of California.

Information from his presentence report and pretrial supervised release history indicates a minimal substance abuse history involving marijuana at the age of sixteen (16), with no documented history of drug treatment reported to the U.S. Probation office. Mr. Garcia has no known history of psychotropic medication nor mental health treatment and has no diagnosed mental or emotional conditions.

Regarding his involvement with the criminal justice system, Mr. Garcia falls within criminal history category I. His criminal history records show his first contact with law enforcement at the age of seventeen (17) for unlicensed driving and speeding over 70 miles per hour. Additionally, it is noted that on October 11, 2021, Mr. Garcia was cited for failing to stop at a flashing red light. On January 3, 2022, he failed to appear in San Diego County Superior Court, Chula Vista, Case No. 21T136298S. Consequently, on January 28, 2022, a civil assessment of $851 was imposed; it appears this balance remains outstanding.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (DUI drugs and driving on a suspended license) constitute Grade C violations. USSG §7B1.1(a)(3)(A), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of twenty-four (24) months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Garcia's first term of supervised release and is the first time he is before Your Honor for violation proceedings.

Mr. Garcia is encountering significant challenges in adhering to the basic conditions of supervision. He continues to pose a substantial risk to himself and the general motoring public, as evidenced by his arrest on February 17, 2024, which did not serve as a deterrent. His disregard for the directives of the Court and undersigned officer is indicative of an individual who has a minimal desire to abide by instructions. His behavioral patterns are concerning and do not indicate a positive outlook on future supervision compliance. Considering the allegations herein, the undersigned believes that a custodial sanction is now appropriate to hold Mr. Garcia accountable for his actions and alleged breach of the Court's trust.

Should the violations of supervised release alleged herein be sustained, the undersigned respectfully recommends revocation of supervised release. Based on the totality of the violation conduct, a custodial sentence of six (6) months' custody is recommended, consecutive to any sentence he may receive in pending stateside matters. Additionally, a thirty-six (36)-month term of supervised release is recommended, to include all the previously ordered conditions and the following additional special condition:

Participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor, or participation in a program administered by the probation office. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

These recommendations will serve to reinforce the importance of holding Mr. Garcia accountable for the alleged breach of the Court's trust. It is hoped that the period served in custody will provide Mr. Garcia with an opportunity for introspection, prompting him to reflect on his actions and find the motivation to successfully complete a supervised release term.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  March 19, 2024**

Respectfully submitted:                                Reviewed and approved:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by

Austin Hunter                                          Crystal Tignor
U.S. Probation Officer                                 Supervisory U.S. Probation Officer
(619) 557-5832

bmc

<u>**AMENDED**</u>      **VIOLATION SENTENCING SUMMARY**      <u>**AMENDED**</u>

1. **Defendant:**   Garcia, Luis David

2. **Docket No.** (Year-Sequence-Defendant No.)**:**   21CR03557-001-BAS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| <u>Violation(s)</u> | <u>Grade</u> |
|---|---|
| DUI | C |
| DUI | C |
| Driving on a suspended license | C |
| Wrong-way driving | C |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))      [   C   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))      [   I   ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))      [   3 to 9 months   ]

7. **Unsatisfied Conditions of Original Sentence**:   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

**THE COURT ORDERS:**

   X     THE ORIGINAL ORDER TO SHOW CAUSE DATED MARCH 1, 2024, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS.

_____ Other _____

              _____

              _____

_____                    __3/20/2024_____
The Honorable Cynthia Ann Bashant                             Date
U.S. District Judge